Morton J.
delivered the opinion of the Court. [After stating the evidence that a credit was given.] There is nothing in the case to contradict or impair the force of this testimony, unless the evidence of the plaintiffs’ usage to sell goods for notes payable on demand with interest after six months, may have some tendency to do it. The admission of this evidence is objected to on two grounds : — first, because it is not proved that the defendant had any knowledge of the usage ; and secondly, because the evidence tends to prove a special contract, and is not admissible in this form of action.
That usages of banks and other public institutions, and sometimes of individuals, may legally be proved, is well settled.[1] And where such usages are known to the parties, business is transacted with reference to them, and they enter into and form a part of the contract. All persons accustomed to transact business at banks and other public offices, are presumed to know and assent to their usages. But the usages of individuals cannot affect their contracts, unless it appear that the usage was known to the persons with whom they contracted. It is contended in this case, that the defendant had no knowledge of the usage, and therefore that evidence of it ought not to be received. The usage is an independent fact, which, if proved, could not avail the plaintiffs, unless they could also bring a knowledge of it home to the defendant. Whether they would be able to do this or not, the judge presiding at the trial could not anticipate.
The usage was fully proved, and although the evidence of the defendant’s knowledge of it may appear to us very slight, and not sufficient to justify a jury in finding a verdict upon it, yet we cannot say that there was no evidence tending to prove *16 such knowledge, which ought to have been submitted m the consideration of the jury. This objection therefore cannot prevail.
But it is further contended, that evidence of the usage ought not to have been received in support of this declaration ; because it tended to prove a special contract to pay for the goods by a note of a particular description, which will not support an action upon an implied assumpsit. In support of this objection the cases of Dutton v. Solomonson, 3 Bos. & Pul. 582, Mussen v. Price, 4 East, 149, and Hoskins v. Duperoy, 9 East, 498, are relied upon.
In the case of Dutton v. Solomonson it was held, that where goods were sold, to be paid for by a present bill payable in two months, if the purchaser refused to accept a bill, an implied assumpsit would not lie before the expiration of the two months, but the vendor must bring an action upon the special contract. And the learned judge, who gave the opinion of the court, expressed great doubt, whether even after the expiration of the two months the vendor would not be obliged to resort to his special action.
In Mussen v. Price, decided about the same time, it was held, that where goods were sold on a credit of three months, then to be paid for in a bill of two months, if no bill was delivered, a general indebitatus assumpsit would not lie till after the expiration of the five months. A special action on the contract to deliver the bill, would lie at the end of three months. But whether after the expiration of the five months a general indebitatus assumpsit would lie or not, is left undecided.
The other case, Hoskins v. Duperoy, only uecides that goods sold, to be paid for immediately by a bill payable in two months, although no bill be given, does not constitute a present debt, on which to found a commission of bankruptcy. But none of these cases apply directly to the case at bar. The usage was offered to prove a contract to pay for the goods on delivery, by a note payable on demand with interest after six months. No credit, except at the option of the seller, was contemplated by either party. The payment is to be immediate, though in a particular manner. If the *17 purchaser fail to make his payment in the manner stipulated, we can see no reason why the vendors should not maintain an action for goods sold and delivered upon an implied assumpsit. We are therefore all of opinion that evidence of the plaintiffs’ usage at their store was properly admitted.
Mote. A new trial was granted on the ground that the rerdict was against the weight of the evidence.

 See 2 Stark. Ev. (5th Amer. ed.) 258; Morgan v. Richards, 1 Browne, (Penn.) 171.